IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA BROOKS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-cv-946-WHA |
| | ) | |
| INTERNATIONAL PAPER CO., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION AND PROTECTIVE ORDER

Pending before the Court is the *Joint Motion for Entry of Proposed Protective Orders* (Doc. 58, filed 8/24/10). For good cause shown, it is **ORDERED** that the motion is **GRANTED**.

WHEREAS, discovery in this action is likely to involve the exchange of confidential and commercially sensitive information, including information regarding proprietary manufacturing processes and substances used therein, production volumes and related figures, economically sensitive information, and other competitively sensitive information;

WHEREAS, discovery in this action may involve the exchange of sensitive personal information;

WHEREAS, the Parties have agreed that it is necessary to establish common procedures to facilitate the exchange of documents and information in the course of this litigation and limit the need for objections or subsequent motions seeking to limit

discovery and/or the use of this information, and to facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other use of this information;

WHEREAS, good cause therefore exists under Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order;

IT IS HEREBY ORDERED as follows by this Court:

1.     Definitions.

The following definitions shall apply to this Protective Order:

a.     "Confidential Information" shall mean any confidential commercial or financial information, proprietary manufacturing processes and substances used therein, production figures, economically sensitive information, sensitive personal information, protected health information or "PHI" (as defined in the Qualified Protective Order proposed by the parties in this case, pursuant to the Health Insurance Portability & Accountability Act of 1996) or any other information that any Party to the Litigation or any Producing Party may reasonably characterize as confidential and that has not previously been made available to the public.

b.     "Documents" shall mean all written records, electronically stored information, or any graphic material whatsoever, including, without limitation, any meaning reasonably given to such term in any written discovery request.

c.     "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the

confidentiality of the document. When any document is designated "Confidential" pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to each page therein.

  d. "Litigation" shall refer to the above-captioned matters, Brantley, et al. v. International Paper Company, 2:09-cv-230-WHA-TFM, and Brooks, et al. v. International Paper Company, 2:09-cv-946-WHA-TFM, and Benefield, et al. v. International Paper Company, 2:09-cv-232-WHA-TFM, along with any appeal from any of the foregoing cases through final judgment.

  e. "Party" or "Parties" shall mean any Plaintiff in the Benefield, Brantley, or Brooks cases, including any Plaintiff added to the foregoing cases after the date of entry of this Protective Order, and Defendant International Paper Company.

  f. "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing Documents, information or other materials in the Litigation.

 2. <u>Scope Of Application</u>.

This Protective Order shall govern all Documents, deposition testimony, and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation. This Protective Order shall also govern all Documents and materials containing Confidential Information that are submitted in connection with a pleading, brief or other Document filed with this Court. This Protective Order shall not govern the use or admissibility of any evidence at any hearing, trial or other proceeding,

or the procedures for using such Documents or information at such proceeding. The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a protective order pursuant to which material containing Confidential Information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding. Absent agreement, the Court shall be asked to issue an order governing the use of information in the context of such proceedings. This Protective Order shall not prevent any Party from seeking to amend, modify, or revise this Protective Order; nor shall this Protective Order prevent any Party from entering into additional confidentiality stipulations or seeking additional protective orders.

3. <u>Limitations On Use Of Documents</u>. All Documents, material, or information produced in this Litigation by any Producing Party may be used only for purposes of the conduct in this Litigation to include discovery, motions, briefs, preparation for trial, trial, and on appeal, if any, and for no other purpose, including any other litigation (the "Permitted Purpose"). Documents produced in this Litigation by any Producing Party may not be used or considered by any Party or third person in connection with any other litigation or for any other purpose unless the Producing Party provides express, written permission.

4. <u>Designation And Limitations On Use Of Confidential Information</u>.

   a. <u>Designation As "Confidential Information."</u> A Producing Party may designate any Document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Protective Order by affixing the Legend as provided under

subparagraph 1(c) to any Document containing, or that the Producing Party believes contains, Confidential Information. In the event that Confidential Information is produced in an electronic medium, such as a CD or DVD, the Legend shall be affixed on the face of the CD, DVD, or other electronic medium. In the event that a Party produces voluminous Documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply: The Producing Party shall not be considered to have waived the confidential status of Documents made available during such an initial inspection but not chosen by the inspecting Party for copying. Thereafter, upon selection of specified Documents for copying by the inspecting Party, the Producing Party shall, within ten (10) business days, stamp each page of such Documents as may contain Confidential Information with the "Confidential" Legend. This 10-day period may be extended upon agreement of the Parties or order of the Court for good cause shown.

    b. <u>Limitations On Use Of Confidential Information</u>. All Documents, material, or information designated as "Confidential" may be used only for a Permitted Purpose. Confidential Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 8 below) and to:

      (1) parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

(2) counsel for the Parties with direct responsibility for the Litigation and their paralegals, litigation support staff and outside litigation support services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

(3) employees, officers and directors of independent contractors, experts, consultants, or advisors who are employed or retained by any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose;

(4) deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation; and

(5) stenographic reporters who are involved in depositions, the trial or any hearing or proceeding before the Court in the Litigation.

Unless the Producing Party agrees otherwise, Confidential Information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Protective Order and have agreed to be bound by its terms. Persons listed in (1), (3), or (4) of this subparagraph shall be required to sign a Written Assurance in the format attached hereto as Exhibit A prior to disclosure to them of Confidential Information. A copy of each executed Written Assurance shall be retained by counsel of record for the Party obtaining the Written Assurance. A Party may make an application to the Court for disclosure of a copy of the executed Written Assurance(s) and

the Court will grant such an application upon good cause shown. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person.

     5.     <u>Designation Of Documents Produced By Third Parties</u>.

Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party within thirty (30) days of receipt of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party, in the following manner:

     a.     Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession or destroy undesignated duplicate copies.

     b.     Upon notice of designation pursuant to this paragraph, the Parties shall also: (i) make no further disclosure of such designated document or information

contained therein except as allowed under this Protective Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Protective Order.

      6.      <u>Designation Of Transcripts</u>.

           a.      In the case of Confidential Information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition or hearing has disseminated to counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

           b.      If a deposition or hearing transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential Information hereunder as "Confidential" by informing counsel for all other Parties to this action in writing within thirty (30) days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Information pursuant to this Protective Order. Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the appropriate

Legend thereto. Until the receipt of such designation, the transcript shall be presumed not to contain Confidential Information, unless a Party requests that the transcript be treated as containing Confidential Information pending such designation.

7. Copies.

All copies of any Documents containing Confidential Information shall also constitute and be treated as Confidential Information as provided in this Protective Order. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each such copy bears the Legend pursuant to the requirements of this Protective Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

8. Filing Confidential Information With Redactions And Under Seal.

Confidential Information may be referred to in written discovery requests and responses, motions, briefs, or other papers filed with the Court and may be used in depositions, either as exhibits or as the basis for questions. The Party filing the document or paper with the Court shall endeavor to redact or otherwise exclude from the filing any Confidential Information not directly pertinent to that Party's filing. In any motion, brief, or other paper filed with the Court referring to Confidential Information, any document or paper that contains Confidential Information, which has not been redacted, shall be filed under seal, in a sealed envelope bearing the caption of the case, including the case number and title of the Court; a descriptive title of the document; and the name of the Party filing the sealed items. The envelope shall also contain a printed label stating,

"DOCUMENTS UNDER SEAL AND SUBJECT TO PROTECTIVE ORDER ENTERED ON _____." Consistent with the Federal Rules of Civil Procedure and the Court's Administrative Procedures, such filings shall be kept under seal by the Clerk until further order of the Court.

9. <u>Objections To Designation</u>.

Any Party (the "Requesting Party") may request in writing that any information or document designated as "Confidential" be released from the requirements of this Protective Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with the Requesting Party within ten (10) business days of a written request or within a reasonable period less than ten (10) business days in the event that there are extenuating circumstances not created by the Requesting Party, such as a hearing scheduled on short notice. The written request shall specifically identify the information or document challenged by the Requesting Party (by Bates numbers) and include a statement of the legal or factual basis for each objection. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may file a motion within ten (10) business days of the meet and confer session seeking an order that the designation is improper, which order may be granted if the Court determines that there is no reasonable basis for such designation. In the event that such motion is made, the information or document shall be submitted to the Court under seal for the Court's review, and the terms of this Protective Order shall continue to apply to such information or document unless the Court grants an

order revoking any designation. If there are extenuating circumstances, the Requesting Party may seek immediate relief from a designation following the meet and confer session; if such an application is made, the document or information in dispute shall be treated as Confidential Information unless there is a contrary decision by the Court.

10. <u>Objections Not Waived</u>.

Notwithstanding anything to the contrary contained herein, all objections, including any discovery or evidentiary objections, are reserved and are not waived by any terms of this Protective Order.

11. <u>Subpoena Of Confidential Documents</u>.

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party that has designated such information "Confidential," so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena if the Producing Party believes such is necessary. The burden shall be on the Producing Party to timely file a motion for protective order or to quash. During the pendency of any such motion, the Parties in possession of Confidential Information shall not produce the Confidential Information, unless applicable law requires the Party to comply with the subpoena despite the pending motion.

12. <u>Continuation Of Protection After Disposition</u>.

  a. The termination of proceedings in the Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Protective Order, unless the Court orders or permits otherwise.

  b. Upon the final disposition of the Litigation, and a written notice from the Producing Party, the attorneys for the other Parties shall return to the Producing Party from whom it was obtained any document that has been designated "Confidential" and copies thereof, including any such copies disclosed to persons identified in subparagraph 4(b), within fifteen (15) business days. Notwithstanding this provision, the Parties and their counsel to the Litigation may keep a complete set of deposition transcripts, all documents filed or lodged with the Court, that may include documents designated "Confidential" and any attorney work product, provided such information is stored in a manner so as to preserve its confidentiality.

13. <u>Notices</u>.

All notices that this Protective Order requires to be sent to a particular Party shall be sent via electronic mail and overnight mail to counsel for that Party at the address listed on Exhibit B.

14. <u>Inadvertent Production</u>.

An inadvertent failure to designate Confidential Information in accordance with this Protective Order within the timelines provided above shall not constitute a waiver of

trade secret protection or other applicable protections. In addition, an inadvertent production of privileged or protected material shall not waive any attorney-client privilege or work product protection.

If a Producing Party inadvertently produces any Confidential Information material without the appropriate designation, or if a Producing Party inadvertently produces privileged or protected material, then that Party should provide a Notice of Inadvertently Produced Material-identifying the information subject to the claim of confidentiality or privilege and the basis for the claim-to the other Parties to the Litigation. Upon receipt of a Notice of Inadvertently Produced Material, the other Parties must promptly return, sequester, destroy, or stamp such Documents or information, as requested in the Notice, until the claim is resolved. Any Party that receives a Notice of Inadvertently Produced Material may promptly present the information to the Court under seal for a determination of the claim. If any Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

15. <u>Alternative Procedure And Other Orders</u>.

This Protective Order shall not preclude the Parties to the Litigation from agreeing in writing to an alternative procedure for any particular Documents or information. This Protective Order shall not supersede any prior Court orders and shall incorporate herein any prior Court orders entered in this case prescribing procedures or limitations for discovery.

16. <u>Jurisdiction</u>.

This Court shall retain jurisdiction to resolve all disputes relating to this Protective Order. This Court shall retain continuing jurisdiction beyond the conclusion of this Litigation, including without limitation during any appeal, to enforce the provisions of this Protective Order, pursuant to its contempt powers and with all other powers provided for in this Protective Order.

17. <u>Exhibits</u>.

The Court also incorporates and attaches the exhibits referenced in the protective order.

DONE this 25th day of August, 2010.

/s/ Terry Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

I, _____, hereby certify that I have read and understand the provisions of the Confidentiality Stipulation and Protective Order (the "Protective Order"), entered in the United States District Court for the Middle District of Alabama in the actions entitled Brantley, et al. v. International Paper Company, 2:09-cv-230-WHA-TFM, and Brooks, et al. v. International Paper Company, 2:09-cv-946-WHA-TFM.

I understand that my use of any and all documents, information and materials in the "Litigation," as defined under the terms of the Protective Order, are governed by all terms and conditions of the Protective Order and that such information shall not be copied, disseminated, or otherwise used for any purposes unrelated to the Litigation. I hereby certify that I will comply fully with those terms and conditions. I understand that my failure to do so may be punishable as contempt of Court. I agree to submit to the jurisdiction of the United States District Court for the Middle District of Alabama for the limited purpose of enforcement of the terms of this Protective Order.

Name: _____

Address: _____

Signed at _____ this _____ day of _____, 201\_\_.

**EXHIBIT B**

*Counsel for Plaintiffs*:
Gregory A. Cade
Email: gregc@elglaw.com
Hoyt Gregory Harp
Email: gharp@elglaw.com
Kevin B. McKie
Email: kmckie@elglaw.com
Mark Rowe
Email: mrowe@elglaw.com
Christina E. Wall
Email: cwall@elglaw.com
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 205-328-9200
Facsimile: 205-328-9456

J. Edward Bell, III*
Email: ebell@edbelllaw.com
J. Ryan Heiskell*
Email: rheiskell@edbelllaw.com
Bell Legal Group, L.L.C.
232 King Street
Georgetown, South Carolina 29440
Telephone: 843-546-2408
Facsimile: 843-546-9604
*Admitted Pro Hac Vice

*Counsel for Defendant*:
Daniel W. Nelson*
Email: dnelson@gibsondunn.com
Charles H. Haake*
Email: chaake@gibsondunn.com
Jessica D. Greenston*
Email: jgreenston@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 530-9571
*Admitted Pro Hac Vice*

Tabor R. Novak, Jr. (NOV001)
Email: tnovak@ball-ball.com
Allison A. Ingram (ALF005)
Email: ala@ball-ball.com
Ball, Ball, Matthew & Novak, P.A.
2000 Interstate Park
Suite 204
P.O. Box 2148
Montgomery, AL 36102-2148
334-387-7680
334-387-3222 (fax)

Patrick W. Dennis*
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
46th Floor
Los Angeles, CA 90071
Telephone: (213) 229-7567
Facsimile: (213) 229-6567
Email: pdennis@gibsondunn.com
*Admitted Pro Hac Vice