IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA BROOKS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-cv-946-WHA |
| | ) | |
| INTERNATIONAL PAPER CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION AND QUALIFIED PROTECTIVE ORDER
PURSUANT TO THE HEALTH INSURANCE PORTABILITY
& ACCOUNTABILITY ACT OF 1996**

Pending before the Court is the *Joint Motion for Entry of Proposed Protective Orders* (Doc. 58, filed 8/24/10). For good cause shown, it is **ORDERED** that the motion is **GRANTED**.

Pursuant to the parties' joint motion for entry of a qualified protective order, it is hereby ordered that:

1. The current parties and their attorneys, and any future parties and their attorneys to the above-captioned matter and any related action against International Paper Company ("IP") pending before this Court, are hereby authorized to receive, subpoena, and transmit protected health information ("PHI") pertaining to the Test Plaintiffs listed on Exhibit A attached hereto and any other Plaintiff subsequently designated as a Test Plaintiff in these matters and who claims personal injuries that the parties shall list by filing an Appendix pursuant to this Order.

2. For purposes of this Order, "PHI" has the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.105.

3. All "Covered Entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI of the Plaintiffs to all parties and attorneys now of record in this matter or who may become of record in the future of this litigation, as follows: the PHI that may be disclosed includes health information, including demographic information, which relates to (1) the past, present, or future physical or mental health condition of the individual, (2) the provision of medical or mental health care to the individual, or (3) the payment for medical or mental health care provided to the individual, and which identifies the individual or could reasonably be expected to identify the individual.

4. The parties and their attorneys shall be permitted to use the PHI of each Test Plaintiff in any manner that is reasonably necessary for the prosecution or defense of the claims in these actions or any related action against International Paper Company ("IP") pending before this Court in which the Test Plaintiff is a party or witness and for no other purpose. The permitted use of PHI includes, but is not limited to, disclosures on an as needed basis to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. Within 14 days of receiving all records or other documents obtained

pursuant to this Qualified Protective Order, the receiving party shall provide notice of receipt of the records and documents to all other parties. All other parties may request copies of the records and documents, and the receiving party shall promptly provide such copies, with the cost of copying to be borne by the requesting party. If the receiving party has the records or documents in electronic format, the copy provided to the requesting party shall also be in electronic format.

6. Subject to Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned PHI. Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

7. At the conclusion of this litigation (which shall be defined at the point at which final order disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to the Test Plaintiffs (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession, except those electronic copies created pursuant to standard archival and back-up procedures.

Done this 25th day of August, 2010.

/s/ Terry Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

1. Albright, Joseph
2. Anderson, Hazell
3. Anderson, Kevin
4. Barnett, Sheila A.
5. Brooks, Virginia, A.
6. Brown, Edna
7. Davis, Jessie
8. Davis, Jr., Jimmy Lee
9. Ellis, Jabari
10. Faison, Melinda
11. Fogarty, John
12. Garrett, Jayne
13. Hines, Kay
14. Jackson, Scottie
15. Johnson, Bruce
16. Lee, Jiles
17. McLemore John
18. Meredith, George J.
19. Merriweather Michael
20. S.D.M.
21. Mosely, Lorenza
22. Mosely, M.L.
23. T.W.M.
24. Owens, Robert
25. Pickett, Alice
26. Pickett, Graves
27. Pickett, Patricia
28. Pickett, Shannon
29. Reese, Denise
30. Scott, Eddie Dean
31. Smith, Krista
32. Smith, Theodis
33. Z.W.S.
34. Steele, Patrick
35. Stewart, Carl
36. Stoudemire, Shannha
37. Tatum, Barbara
38. Williams, Roy E.
39. Wills, Wallace
40. J.K.W.